PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LARONDA JUNE BRIGGS, | ) |
| Plaintiff, | ) CASE NO. 1:24-CV-00947 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF No. 14] |

Before the Court is Plaintiff Laronda June Briggs' Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations ("R&R") (ECF No. 13). Under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed *de novo* those portions of the R&R to which Plaintiff has objected. Because substantial evidence supports the Administrative Law Judge's ("ALJ") findings and the magistrate judge did not err, Plaintiff's objections are overruled, the R&R is adopted, and the Commissioner's decision against Plaintiff is affirmed.

## I. FACTUAL BACKGROUND

The R&R accurately sets forth the factual and procedural background which is incorporated herein by reference. ECF No. 13 at PageID ##: 881-904. Plaintiff does not object to the factual record set by the magistrate judge. Plaintiff brings this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her applications for Period of Disability and Disability Insurance Benefits ("DIB").

(1:24CV947)

On September 21, 2021, Plaintiff filed her DIB and Supplemental Security Income ("SSI") applications alleging a disability onset date of July 17, 2021, due to depression, anxiety, insomnia, bipolar disorder with possible psychotic disorder, and a broken right foot. ECF No. 13 at PageID #: 881. The Social Security Administration denied Plaintiff's initial claims and denied again on reconsiderations. ECF No. 13 at PageID #: 881. Per Plaintiff's request, a telephonic hearing was held before an ALJ on March 8, 2023. ECF No. 13 at PageID #: 881. On May 31, 2023, the ALJ issued a decision finding Plaintiff was not disabled from July 17, 2021 through the date of the decision. ECF No. 13 at PageID #: 882. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 2, 2023, rendering the ALJ's findings the final decision of the Commissioner. ECF No. 13 at PageID #: 882.

The ALJ determined Plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520(a)(4)(i)-(v). ECF No. 13 at PageID ##: 901-02. The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2023. (Tr. 18)

2. The claimant has not engaged in substantial gainful activity since July 17, 2021, the alleged onset day. (*Id.*)

3. The claimant has the following severe impairments: obesity, bipolar disorder, post-traumatic stress disorder (PTSD), anxiety disorder, and cannabis use disorder. (*Id.*)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-20.)

5. The claimant has the residual function capacity to perform medium work as defined in 20 C.F.R. 404.1567(c), except that she cannot: climb ladders, ropes, or scaffolds, work around hazards, such as unprotected heights, work in proximity to exposed, moving mechanical parts, or engage in occupational

2

(1:24CV947)

> driving; she can perform simple tasks without a production rate pace with simple judgment, interact frequently with others on matters limited to the straightforward exchange of information without negotiation, persuasion, or conflict resolution, and adapt to occasional changes. (Tr. 21-26.)

6. The clamant is unable to perform any past relevant work. (Tr. 26.)

7. The claimant was born in 1975, and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (*Id*.)

8. The claimant has at least a high school education. (*Id*.)

9. Transferability of job skills is not material to the determination of disability. (*Id*.)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could perform, including lab equipment cleaner, laundry worker, and industrial cleaner. (Tr. 26-27.)

ECF No. 13 at PageID #: 903. Plaintiff timely filed her complaint seeking review of the Commissioner's denial. Compl., ECF No. 1. In the Complaint, Plaintiff argues that the "conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." ECF No. 1 at PageID #: 1, ¶ 7.

Under Local Rule 72.2(b), the case was automatically referred to a magistrate judge for the preparation of a R&R. The parties filed briefings on the merits. *See* ECF Nos. 9 and 11. The magistrate judge filed her R&R, (1) finding that the ALJ's findings were supported by substantial evidence and applied the correct legal standard, and (2) recommending that the Court affirm Commissioner's final decision denying Plaintiff's application for DIB. *See*, ECF No. 13.

Plaintiff timely filed objections to the R&R objecting to the magistrate judge's analysis relating to the ALJ's evaluation of: (1) residual functional capacity ("RFC") findings; (2) the medical opinions and prior administrative medical findings; and (3) Plaintiff's symptomology.

3

(1:24CV947)

ECF No. 14 at PageID #: 926. The Commissioner responded that Plaintiff failed to show that the magistrate judge erred because: the R&R reflects a thorough discussion of the record and evidence considered by the ALJ, contains sound analysis of the applicable law, and that the ALJ's decision was supported by substantial evidence. ECF No. 16.

## II. LEGAL STANDARD

### A. Social Security Act

The Social Security Act allows claimants to seek DIB. The Social Security regulations provide a five-step process that an ALJ must use to determine whether a claimant is entitled to benefits. An ALJ must consider:

1. whether the claimant is engaged in substantial gainful activity;
2. if not, whether the claimant has a severe impairment or combination of impairments;
3. if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;
4. if not, whether the claimant can perform their past relevant work in light of his residual function capacity; and
5. if not, whether, based on the claimant's age, education, and work experience, [claimant] can perform other work found in the national economy.

20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006) (*en banc*).

Ultimately, Plaintiff bears the burden of producing sufficient evidence to prove that she is disabled and, therefore, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, Plaintiff has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). At the final step—step five—the burden shifts to the Commissioner to establish whether the claimant has the residual function capacity to perform available work in the national economy. *Id*.

(1:24CV947)

> B.  Title 42 U.S.C. § 405(g)

The magistrate judge reviewed the order under 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered . . . . the court shall review only the question of conformity with such regulations and the validity of such regulations.

42 U.S.C. § 405(g). For this reason, when reviewing the case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). The Supreme Court determined that "[s]ubstantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019); accord Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). When deciding whether substantial evidence supports the ALJ's decision, district courts do "not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007); Rogers, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."). "[I]f substantial evidence supports the ALJ's decision," the Court must "defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

A district courts review is deferential but must also "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB,*

5

(1:24CV947)

296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

### C. Federal Rule of Civil Procedure 72

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's R&R. *See* FED. R. CIV. P. 72(b)(2). When a petitioner makes an objection to a magistrate judge's R&R, the district court's standard of review is *de novo*. FED. R. CIV. P. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Objections "must be specific in order to trigger the *de novo* review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing FED. R. CIV. P. 72(b)(2)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)). "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id*. (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)). "A general objection to the entirety of [R&R]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

### III. DISCUSSION

Plaintiff raises four objections to the R&R: (1) the ALJ erred in her evaluation of the

6

(1:24CV947)

opinion evidence of Hannah Finley, PMHNP-BC; (2) the ALJ erred in her evaluation of the opinion evidence of Pamela Grassizk, APRN-CNP; (3) the ALJ failed to build an accurate and logical bridge between the evidence and the RFC finding; and (4) the ALJ erred in her evaluation of Plaintiff's subjective complaints. ECF No. 14. For the following reasons, Plaintiff's objections are overruled.

### A. Nurse Practitioner Finley's Opinion

Plaintiff objects to the R&R's finding that the ALJ complied with the revised regulations in concluding that Nurse Practitioner Finley's opinion was inconsistent with and unsupported by the record. ECF No. 14 at PageID ##: 926-27. These objections are virtually identical to her original arguments challenging the ALJ's decision. ECF No. 14 at PageID ##: 928-31.

As in her initial challenge, Plaintiff claims the ALJ failed to provide how the mandatory factors of consistency and supportability affected the persuasiveness of Nurse Practitioner Finley's opinion. Plaintiff claims that the ALJ improperly weighed Dr. Ahmad's examination findings as more persuasive than Nurse Practitioner Finley's medical opinion. Although Dr. Ahmad is a physician, Plaintiff claims that both practitioners were "on equal footing" given their respective specialties. Plaintiff also argues that the ALJ failed to identify any inconsistencies between Dr. Ahmad's and Nurse Practitioner Finley's findings and that Dr. Ahmad's findings were, in fact, consistent with Nurse Practitioner Finley's. Finally, Plaintiff claims that and the ALJ failed to explain its decision concerning supportability. ECF No. 14 at PageID ##: 928-34.

The magistrate judge rejected these arguments in the R&R, citing the following language from the ALJ's decision:

> The claimant's mental nurse practitioner completed a form at Exhibit 8F, indicating marked limitations with frequent absenteeism, among other things. However, she supports these selections by indicating that her mood can fluctuate, which can

7

(1:24CV947)

> affect her ability to carry out a consistent work schedule, and that her medications can cause drowsiness. As noted above, the claimant frequently denies any medication[] side effects. While the record does show some mood changes, and some fatigue associated with insomnia, the source does not support the marked findings that would be reasonably necessary to find that those mood changes would prevent her from attending or focusing on work. The collateral record, as noted, shows generally normal mental status findings aside from "fair" insight, judgment, attention, and concentration, and mood changes, at times. Despite her reported fatigue, she does not present as drowsy, and is alert. A recent, detailed neurological examination showed her to be awake and alert, with normal attention, recall, logic, language fluency, comprehension, object naming, and repetition (Exhibit 7F/53). As this evaluation is much more detailed than the cognitive findings by Nurse Finley and is by a physician, I find them to be significantly inconsistent with her opinions and more persuasive. Therefore, as her opinions are neither well supported on the form or in her own mental status examinations, and are not consistent with the collateral record, including neurological examinations and the State Agency prior administrative medical findings, they are not persuasive.

ECF No. 13 at PageID #: 907 (citing Tr. at 25-26, ECF No. 7 at PageID ##: 81-82).

First, the magistrate judge determined that Plaintiff failed to demonstrate that the ALJ's decision inadequately explained the inconsistencies between Nurse Practitioner Finley's medical opinion and other medical and nonmedical evidence in the record. The magistrate judge also explained that the ALJ appropriately considered the educational differences between Dr. Ahmad and Nurse Practitioner Finley when weighing the persuasiveness of their respective medical findings. ECF No. 13 at PageID #: 908. Moreover, the magistrate judge concluded that Plaintiff failed to demonstrate how omitting Dr. Ahmad's Montreal Cognitive Assessment ("MoCA") score rendered the ALJ's decision unsupported by substantial evidence, particularly because the ALJ is not required to include a full recitation of Dr. Ahmad's examination findings. ECF No. 13 at PageID ##: 908-09 (citing *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010)). The magistrate judge noted that Dr. Ahmad conclusions that Plaintiff "is

8

probably cognitively normal" and that "[m]ood may be a contributing factor," ECF No. 13 at PageID #: 909 (citing Tr. at 565, ECF No. 7 at PageID #: 621), were not consistent with Nurse Practitioner Finley's opinion that Plaintiff had "moderate difficulties in interacting with others and in adapting or managing oneself; and marked difficulties in understanding, remembering, and applying information and maintaining concentration, persistence, or pace." ECF No. 13 at PageID ##: 897-98 (citing Tr. at 624-25, ECF No. 7 at PageID ##: 680-81). The magistrate judge determined that the ALJ's conclusion that the record was inconsistent with Nurse Practitioner Finley's opinion was supported by substantial evidence and, as such, the Court cannot overturn the ALJ's decision. ECF No. 13 at PageID #: 910.

Second, regarding the ALJ's decision concerning supportability, the magistrate judge concluded that Plaintiff's mental health records and other collateral evidence did not support her reported level of limitation. The magistrate judge pointed to the ALJ's decision in which she summarized Plaintiff's mental health treatment records, including Nurse Practitioner Finley's assessments:

> Mentally, the records document an acute psychiatric exacerbation leading to a brief hospitalization; however, the claimant admitted to not sleeping for five days and to not taking her psychiatric medication since moving back to Ohio from West Virginia []. By the time of discharge, she improved, reported no adverse medication side effects, and she was attending groups and attending to her activities of daily living. In follow up she noted feeling better after being on medication for over a month []. Generally, she exhibited mildly abnormal to normal mental status examinations, with decreasing to no paranoid thoughts []. She repeatedly exhibited intact attention, memory, and concentration. She was generally noted to have fair insight and judgment. She also reported coping skills such as baking, music, and crafting []. Her own statements are not entirely consistent. . . . She reported paranoid ideation (the belief that others were talking about her) but interacted appropriately with treatment providers. She reported memory issues but was able to provide histories and manage decisions related to her medical and psychiatric care. Regarding course of treatment, . . . [o]n the mental

(1:24CV947)

> health side, she has engaged in medication management and had the one hospitalization, which she attributed at hearing to being given high doses of prednisone for bronchitis, but with the inpatient record indicating failure to comply with treatment after moving. She admitted at hearing that she had not experienced psychosis since July 2021 and no seizure like activity since that time either. Also, her treatment has been largely successful. While her symptoms of anxiety and depression were not fully resolved, they have waxed and waned to a mild to moderate degree. She does not report consistent precipitating or aggravating factors, other than her belief that in a work setting she would think others were talking about her and low motivation to leave home. She does not report significant or consistent medication side effects since the alleged onset date.
> In summary, except for one acute exacerbation complicated by lack of sleep and noncompliance with prescribed medication, the claimant's mental status examinations have been relatively benign, showing some variability in mood, with both anxiety and depression noted at times, worse at times due to insurance issues affecting her ability to obtain medication [] and relationship stressors [], and, at times difficulty with transportation []. She also reported some fatigue and low motivation at times []. She consistently was indicated to have "fair" insight, judgment, attention, and concentration with variability in terms of memory.

ECF No. 13 at PageID #: 911 (citing Tr. at 23-24, ECF No. 7 at PageID ##: 79-80). The magistrate judge noted that "[a]n ALJ may rely on information articulated earlier in a decision to support her findings and need not rearticulate information in her later analysis." ECF No. 13 at PageID #: 910 (citing *Crum v. Comm'r of Soc. Sec. Admin.*, 660 F. App'x 449, 457 (6th Cir. 2016)). Taking the ALJ's decision as a whole, the magistrate judge determined that Plaintiff "failed to demonstrate that the ALJ did not adequately explain how Plaintiff's mental status findings—which were abnormal in only limited ways—contradicted NP Finley's opinion that [Plaintiff] had marked limitations in various areas of mental functioning." ECF No. 13 at PageID #: 911.

Finally, the magistrate judge rejected Plaintiff's claims that Dr. Ahmad's examination findings were, in fact, consistent with Nurse Practitioner Finley's medical opinion. ECF No. 13

10

(1:24CV947)

at PageID #: 912.  The magistrate judge concluded that it is not the place of the Court to weigh the evidence *de novo*.  Rather, the Court must determine whether the ALJ's decision is supported by substantial evidence.  ECF No. 13 at PageID #: 912.

As indicated above, Plaintiff's objections to the R&R's treatment of Nurse Practitioner Finley's opinion, does little more than renew her initial challenge to the ALJ's decision.  ECF No. 14 at PageID ##: 928-34.  "This challenge is not a proper objection to the Report and Recommendation, as required by FED. R. CIV. P. 72(b), because it merely rehashes [Plaintiff]'s arguments."  *Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (overruling plaintiff's second objection, because it was already addressed and rejected in the proposed recommendation of the magistrate judge); *Mary H. v. Comm'r of Soc. Sec.,* No. 3:24-CV-045-RGJ-CHL, 2025 WL 903837, at *4 (W.D. Ky. Mar. 25, 2025) (overruling plaintiff's second objection that the "associated recommendation that 'the ALJ adequately explained how the factors of supportability and consistency lead one to find Dr. Corpus's opinion is unpersuasive[,]'" because it rehashed the same arguments raised before the magistrate judge).

Even if the Court addressed the merits of Plaintiff's objection, Plaintiff's argument is unpersuasive.  An ALJ must provide sufficient explanation for the Plaintiff and any reviewing court to be able to "trace the path of his reasoning." *Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (internal citations omitted).  As explained in the R&R and above, the ALJ did just that.  The ALJ adequately identified substantial evidence supporting her decision that Nurse Practitioner Finley's opinion was inconsistent with the record.  For instance, the ALJ noted that Plaintiff: (1) admitted that she felt better after being on medication and did not report any medication side effects; (2) "exhibited intact attention, memory, and concentration"; (3)

11

(1:24CV947)

reported coping skills such as baking, music, and crafting; (4) was able to interact appropriately with treatment providers; (5) was able to provide histories and manage decisions relating to her medical and psychiatric care; and (6) had not experienced psychosis since July 2021. ECF No. 13 at PageID #: 911 (citing Tr. at 23-24, ECF No. 7 at PageID ##: 79-80).

Similarly, Plaintiff's argument that the ALJ did not explain her decision regarding the supportability of Nurse Practitioner Finley's opinion is not well taken. As the magistrate judge noted, an ALJ is not required to reiterate facts established earlier in the decision. ECF No. 13 at PageID #: 910 (citing *Crum*, 660 F. App'x at 457). In explaining that Nurse Practitioner Finley's opinion was not supported by her own examination reports or the evidence, the ALJ referred to earlier recitations of Plaintiff's medical treatment history, which included analysis of Nurse Practitioner Finley's assessments and findings. ECF No. 13 at PageID #: 910 (citing Tr. at 26, ECF No. 7 at PageID #: 82). That the ALJ did not reiterate Plaintiff's medical treatment history when discussing supportability does not render the analysis insufficient under the legal standards in 20 C.F.R. § 404.1520c.

The Court finds that, taken as a whole, the ALJ thoroughly explained the basis for her RFC determination, and the ALJ's explanation enjoys substantial support in the record. Plaintiff's objection is overruled.

**B. Nurse Practitioner Gassizk's Medical Opinion Evidence**

Plaintiff objects to the magistrate judge's conclusion that the ALJ's step-two finding regarding the severity of Plaintiff's rheumatoid arthritis offsets the ALJ's finding that there is a lack of objective evidence supporting Nurse Practitioner Gassizk's opinion. ECF No. 14 at PageID #: 934. Plaintiff argues that even if her rheumatoid arthritis were not severe, the ALJ was still required to consider the combined effects of impairment. ECR No. 14 at PageID #: 934

12

(1:24CV947)

(citing 20 C.F.R. § 404.1523(c)). Plaintiff urges that because the ALJ did not consider the combined effects of impairment, the case should be remanded. ECF No. 14 at PageID #: 935.

Plaintiff's objection is not well taken. Under the step-two process, the ALJ must determine whether, first, the individual has a medically determinable impairment, and second, the intensity and persistence of the individual's symptoms. SSR 16-3p, 2017 WL 5180304 at *3-4 (Oct. 25, 2017). The magistrate judge concluded that Plaintiff failed to meet her initial burden at step two because she failed to "properly establish[]" that "pain" and "rheumatoid arthritis" were "medically determinable impairments." ECF No. 13 at PageID #: 914. Specifically, the ALJ stated that "there were no objective signs of findings to support [Plaintiff's rheumatoid arthritis diagnosis] (no abnormal laboratory markers, no synovitis on examination, etc.) and the diagnosis . . . appears to be based only on her reported history." ECF No. 13 at PageID #: 914 (citing Tr. at 19, ECF No. 7 at PageID #: 75). Moreover, the magistrate judge found Plaintiff waived this argument because she failed to present any developed arguments challenging the ALJ's step-two analysis or findings. ECF No. 13 at PageID #: 914, n.15 (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (finding "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")).

Even if Plaintiff's argument were not waived, she has not demonstrated that the ALJ erred regarding her alleged rheumatoid arthritis diagnosis. The record contains no diagnostic tests or results confirming such a diagnosis and, instead, relies entirely on Plaintiff's subjective reports and complaints. ECF No. 13 at PageID #: 914 (citing Tr. at 19, ECF No. 7 at PageID #: 75). The step-two process requires Plaintiff to present some medical source evidence establishing the existence of a medically determinable impairment before the ALJ moves on to assessing the severity of such impairment in isolation or in combination with other impairments.

13

SSR 16-3p, 2017 WL 5180304 at *3 (Oct. 25, 2017). *See* R&R, Brown v. Comm'r of Soc. Sec., No. 5:24-CV-578, 2024 WL 4706709, at *5 (N.D. Ohio Nov. 7, 2024) *adopted by* 2024 WL 4881673 (N.D. Ohio Nov. 25, 2024) (holding a plaintiff's statements regarding their symptoms, alone, do not permit an ALJ to find a medically determinable impairment and, in addition, an ALJ need not consider such statements in their step-two analysis). Because she has not demonstrated a medically determinable physical impairment, the ALJ need not have considered her symptoms in combination with her mental impairments. Plaintiff's objection is overruled.

### C. The RFC Finding's Evidentiary Support

In her third objection, Plaintiff challenges the R&R's finding that the ALJ adequately explained how the evidence supports the abilities contained in the RFC finding. ECF No. 14 at PageID #: 935. As in her initial challenge to the ALJ's decision, Plaintiff argues that many of the medical opinions concerning her physical and mental abilities differed from the ALJ's ultimate decision and that the ALJ did not "build an accurate and logical bridge between the evidence and the abilities and limitations." ECF No. 14 at PageID #: 935.

The magistrate judge rejected this argument, pointing to specific explanations provided by the ALJ in support of the ALJ's RFC decisions regarding limitation. For instance, the ALJ explained that she "restricted the claimant to simple tasks, rather than one to three step tasks, given that nearly any task can be further divided into sub-steps, rending this an unhelpful way to describe complexity." ECF No. 13 at PageID #: 920 (citing Tr. at 25, ECF No. 7 at PageID #: 81). The ALJ also explained that she "limited the nature of interaction to preclude more stressful and difficult interactions . . . given some mood lability." ECF No. 13 at PageID #: 921 (citing Tr. at 25, ECF No. 7 at PageID #: 81). The magistrate judge concluded that the ALJ complied with Social Security Ruling 96-8p because she adequately explained her reasons for adopting a

(1:24CV947)

"simple tasks" limitation and for limiting the type of Plaintiff's interactions. ECF No. 13 at PageID ##: 920-21.

Plaintiff retorts that the ALJ's explanation regarding her "simple tasks" limitation amounts to a hypothetical that should have presented to a vocational expert and that the ALJ's reasons for rejecting Plaintiff's limitations were not valid or supported by substantial evidence. ECF No. 14 at PageID #: 936.

Plaintiff's objection essentially restates her initial disagreement with the ALJ's decision to change the "1-3 step" task limitation to "simple tasks." As stated above, such regurgitation is not a proper challenge because it merely rehashes Plaintiff's prior arguments. *See Bentley*, 2017 WL 3768941, at *2. Regardless, Plaintiff's arguments are unpersuasive. As noted in the R&R, the ALJ explained her consideration of the State Agency's RFC determination, her decision to alter the RFC limitation to better reflect complexity in work tasks, and reasons for limiting the nature of Plaintiff's interactions, given her "typically normal mental status with some mood lability and 'fair' insight, judgment, attention, and concentration." ECF No. 13 at PageID #: 920 (citing Tr. 25, ECF No. 7 at PageID #: 81). This is consistent with Social Security Rule 96-8p, which requires the ALJ to consider all medical opinions in the RFC assessment and explain why a medical opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7 (July 2, 1997). Plaintiff does not cite any legal authority indicting the ALJ's explanation as invalid or unsupported by the substantial evidence. Accordingly, Plaintiff's objection is overruled.

### D. Plaintiff's Subjective Complaints

In her final objection, Plaintiff challenges the R&R regarding the ALJ's evaluation of Plaintiff's subjective complaints. Plaintiff claims that the magistrate judge mischaracterized her argument regarding the ALJ's findings highlighting Plaintiff's noncompliance with medications.

15

(1:24CV947)

ECF No. 14 at PageID #: 937. Plaintiff argues that the ALJ's summarization of the records of when Plaintiff did not have or receive adequate care does not mean the ALJ considered why Plaintiff was not receiving care. Plaintiff argues that because the ALJ did not consider these reasons, remand is required. ECF No. 14 at PageID #: 937.

Plaintiff's objection is without merit. The R&R correctly sets forth the two-step analysis for assessing the limiting effects of Plaintiff's symptoms by: (1) establishing a medically determinable impairment; and (2) evaluating the intensity and persistence of the symptoms. ECF No. 13 at PageID ##: 922-23 (citing SSR 16-3p, 2017 WL 5180304 at *3); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)). The magistrate judge identified the relevant factors for considering the intensity and persistence of symptoms which include: daily activities, types and effectiveness of medication, treatment received to address symptoms, and other factors concerning the alleged limitations and restrictions due to pain or other symptoms. ECF No. 13 at PageID #: 923.

As set forth in the R&R, the ALJ properly assessed these factors in relation to Plaintiff's medication compliance. ECF No. 13 at PageID ##: 923-24. The ALJ accurately described Plaintiff's two instances of medication noncompliance (the first due to her relocation to Ohio, the second due to insurance issues) and concluded that Plaintiff's claimed impairments were not supported by the record. ECF No. 13 at PageID ##: 924-25. In particular, the ALJ explained that the record supported Plaintiff's "normal mental status findings even after the insurance issue interfered with her medications, and the overall waxing and waning of her symptoms only 'to a mild or moderate degree.'" ECF No. 13 at PageID #: 925 (citing Tr. 22-24, ECF No. 7 at PageID #: 78-80). The ALJ also noted that Plaintiff failed to pursue follow-up treatment for her physical symptoms." ECF No. 13 at PageID #: 925. Because the record demonstrates that the

(1:24CV947)

ALJ adequately considered and evaluated the reasons and effects of Plaintiff's lack of (or delay in seeking) care, Plaintiff's objection is overruled.

### IV.     CONCLUSION

For the above reasons, the Court overrules Plaintiff's objections ([ECF No. 14](ECF No. 14)), adopts the magistrate judge's Report and Recommendation ([ECF No. 13](ECF No. 13)), and affirms the Commissioner's decision denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income.

IT IS SO ORDERED.

| | |
|---|---|
| September 18, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |